# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MAXIMILLIA MUGULUMA**                          **PLAINTIFF**

**VS.**                      **NO. 4:21-cv-00361-KGB**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                          **DEFENDANT**

## ANSWER

Comes Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Munson, Rowlett, Moore & Boone, P.A., and of its Answer, states:

1. Upon information and belief, Defendant admits paragraph 1 of Plaintiff's Complaint.

2. Upon information and belief, Defendant admits paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the facts and allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the Circuit Court of Pulaski County has jurisdiction over this action but affirmatively states that the United States District Court for the Eastern District of Arkansas also has jurisdiction over this action.

5. Defendant does not believe paragraph 5 of Plaintiff's Complaint sets forth affirmative facts or allegations that necessitate a response from this Defendant.

6. Defendant admits venue is proper in the Circuit Court of Pulaski County but affirmatively states venue is also proper in the United States District Court for the Eastern District of Arkansas.

7. Portions of paragraph 7 of Plaintiff's Complaint do not set forth affirmative facts or allegations that necessitate a response from this Defendant. Defendant admits that the underlying insurance policy at issue provides uninsured motorist coverage in the amount of $300,000.00. Defendant denies the remaining portions of paragraph 7 of Plaintiff's Complaint intended as allegations against Defendant.

8. Upon information and belief, Defendant admits the facts and allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendant does not have sufficient information at this time to admit or deny and, therefore, denies paragraph 9 of Plaintiff's Complaint.

10. Defendant does not have sufficient information at this time to admit or deny and, therefore, denies paragraph 10 of Plaintiff's Complaint.

11. Defendant does not have sufficient information at this time to admit or deny and, therefore, denies paragraph 11 of Plaintiff's Complaint.

12. Defendant does not have sufficient information at this time to admit or deny and, therefore, denies paragraph 12 of Plaintiff's Complaint.

13. Defendant does not have sufficient information at this time to admit or deny and, therefore, denies paragraph 13 of Plaintiff's Complaint.

14. Defendant does not have sufficient information at this time to admit or deny the specific allegations in paragraph 14 of Plaintiff's Company, including

subparagraphs (a) through (g), and, therefore, denies the same; however, Defendant does not generally deny that the facts support that Royal was negligent.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant does not have sufficient information at this time to admit or deny the facts and allegations as stated in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17. Defendant does not have sufficient information at this time to admit or deny the facts and allegations as stated in paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18. Defendant admits that at the time of the incident at issue, Plaintiff had a policy of insurance in effect that provided UM coverage. Defendant does not have sufficient information at this time to admit or deny the remaining facts and allegations as stated in paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19. Defendant admits the facts and allegations in paragraph 19 of Plaintiff's Complaint and affirmatively states that the specifics of the policy at issue speak for themselves. The policy at issue is attached hereto as Exhibit A.

20. Defendant admits that Plaintiff paid $10.71 for the additional premium for the bodily injury UM coverage as alleged in paragraph 20 of Plaintiff's Complaint.

21. Upon information and belief, Defendant admits the facts and allegations in paragraph 21 of Plaintiff's Complaint.

22. Upon information and belief, Defendant admits the facts and allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant states that Exhibit A to Defendant's Answer speaks for itself and denies any allegation in paragraph 23 of Plaintiff's Complaint inconsistent with Exhibit A.

24. Defendant admits there was and is a difference of opinion between Plaintiff and State Farm regarding the value of Plaintiff's claim. Defendant denies the remaining facts and allegations as stated in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the facts and allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies paragraph 26 of Plaintiff's Complaint. Defendant states that Exhibit A to Defendant's Answer speaks for itself and denies any fact or allegation written in paragraph 26 inconsistent with Exhibit A.

27. Defendant denies paragraph 27 of Plaintiff's Complaint.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations as stated in paragraph 28 of Plaintiff's Complaint and, therefore, denies the same.

29. Defendant denies as stated the facts and allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant does not believe that paragraph 30 of Plaintiff's Complaint contains affirmative allegations or facts that necessitate a response from this Defendant. To the extent it does, it is denied. Defendant adopts and incorporates by reference all previous responses as though stated word for word herein.

31. Defendant denies paragraph 31 of Plaintiff's Complaint.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of Plaintiff's Complaint including subparts (a) through (f) and, therefore, denies the same.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35. Defendant joins in Plaintiff's demand for a jury trial.

36. Defendant denies Plaintiff is entitled to the relief sought in the WHEREFORE paragraph of Plaintiff's Complaint.

37. Defendant denies any and all allegations not specifically admitted herein.

38. Pleading affirmatively, Defendant states Plaintiff is bound by all terms and conditions in her insurance policy.

WHEREFORE, Defendant, State Farm Mutual Automobile Insurance Company, prays the Court dismiss Plaintiff's Complaint and for any and all proper relief to which it is entitled.

Respectfully submitted,

MUNSON, ROWLETT, MOORE & BOONE, P.A.
1900 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone:  (501) 374-6535
Facsimile:   (501) 374-5906
emily.runyon@mrmblaw.com
zachary.hill@mrmblaw.com
*Attorneys for Defendant State Farm*
*Mutual Automobile Insurance Company*

BY:   *Zachary R. Hill*
      EMILY M. RUNYON     BAR # 2005172
      ZACHARY R. HILL        BAR # 2019132